UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELIZABETH MANNING, LISA RIVERS and RHONDA WILLIAMS, on behalf of themselves and all other employees similarly situated,<br><br>            Plaintiffs,<br><br>   v.<br><br>BOSTON MEDICAL CENTER CORPORATION, BOSTON REGIONAL MEDICAL CENTER, LLC, BOSTON REGIONAL MEDICAL CENTER, INC., ELAINE ULLIAN and JAMES CANAVAN,<br><br>            Defendants. | CIVIL ACTION No. 09-cv-11724 |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, defendants Boston Medical Center Corp. ("BMC"), Elaine Ullian ("Ullian"), and James Canavan ("Canavan") (collectively, "BMC Defendants")[1] hereby notice the removal to this Court of the civil action styled as *Elizabeth Manning, et al. v. Boston Medical Center, et al.* from the Superior Court for Middlesex County, Department of the Trial Court of the Commonwealth of Massachusetts, Civil Action No. 09-3541. In support thereof, BMC Defendants state the following:

1.    BMC Defendants were served with a copy of the summons and the complaint in this action on September 17, 2009.

2.    True and correct copies of the summons and complaint served on BMC Defendants are attached hereto as **Exhibit 1**. The documents at Exhibit 1 constitute all process, pleadings, and orders served on BMC Defendants in this action.

---

[1] Named defendants Boston Regional Medical Center, LLC and Boston Regional Medical Center, Inc. are not and never have been affiliated in any manner with Boston Medical Center and are not represented by undersigned counsel.

3. In accordance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is filed within thirty (30) days after BMC Defendants were served with a copy of the initial pleading setting forth the claims for relief upon which plaintiffs' action is based.

4. Removal of this case is proper pursuant to 28 U.S.C. § 1331 because it presents a federal question under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

5. In their thirteen-count Complaint, the plaintiffs assert a myriad of state law statutory and common law claims stemming from their employment with BMC. The essence of the plaintiffs' Complaint is that BMC Defendants promised to the plaintiffs that it would employ them "at a set rate of pay, with a set work schedule for a particular position, under set terms of employment" (Compl. ¶ 116) but did not do so. Instead, according to the plaintiffs, BMC Defendants implemented a policy to deduct automatically 30 minutes of time per day for a meal break, although some employees allegedly were not always able to take their breaks or occasionally had their breaks interrupted due to staffing and patient needs. The plaintiffs also allege that employees regularly worked before and after their shifts without pay and were required to participate in training without pay. Based on these allegations, the plaintiffs claim that the BMC Defendants failed to comply with the Massachusetts Payment of Wages Act, Mass. Gen. Laws ch. 149, § 148 (Count I), and the overtime provisions of the Massachusetts Fair Minimum Wage Act, Mass. Gen. laws ch. 151, § 1A (Count II). In addition, the plaintiffs assert common law claims for breach of contract (Counts III, IV, and V), assumpsit (Count VI), quantum meruit/unjust enrichment (Count VII), fraud (Count VIII), negligent misrepresentation (Count IX), equitable estoppel (Count X), promissory estoppel (Count XI), and conversion (Count XII), as well as a claim that BMC Defendants failed to keep accurate records (Count XIII).

6. The named plaintiffs and almost all of the members of the putative class are members of bargaining units whose terms and conditions of employment are governed by collective bargaining agreements between BMC and the Massachusetts Nurses Association, 1199SEIU United Healthcare Workers East, and the American Federation of State, County, and Municipal Employees, Council 93, AFL-CIO/CLC.

7. These collective bargaining agreements all contain detailed provisions governing breaks, overtime compensation, shift assignments, fulfilling staffing needs, training, and record retention. Indeed, the collective bargaining agreements impose requirements that are different from the requirements of Massachusetts wage and hour law. For example, Massachusetts wage and hour law does not require employers to pay hospital employees overtime, including for working more than a certain number of hours in a day, while the collective bargaining agreements contain provisions governing such pay.

8. Under the doctrine of complete preemption, "if a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 24 (1983). Therefore, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

9. Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, has been held to possess this preemptive force. *See Franchise Tax Bd.*, 463 U.S. at 23. Thus, "[i]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law … is pre-empted." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988). Substantive federal principles permit removal under federal question

jurisdiction where at least one of a plaintiff's claims is pre-empted by § 301. *Id.* at 406, n.5; *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985).

10. Accordingly, the plaintiffs' state law claims cannot be resolved without interpreting the collective bargaining agreements. The plaintiffs' common law breach of contract claims necessarily require the Court to interpret the collective bargaining agreements because the contracts the plaintiffs claim BMC Defendants breached <u>are</u> those collective bargaining agreements. The plaintiffs' claims for fraud, negligent misrepresentation, and conversion also require the Court to interpret the collective bargaining agreements because they, too, depend on proof that BMC Defendants breached the collective bargaining agreements. If BMC Defendants complied with the agreements, then it misrepresented nothing and did not wrongly "convert" the plaintiffs' wages. Similarly, the plaintiffs' state law statutory wage claims require an interpretation of the scheduling and payment requirements of the collective bargaining agreements to determine how many compensable hours each employee worked and how each employee should have been paid for the actual hours worked. The Court must interpret the collective bargaining agreements to resolve the plaintiffs' promissory estoppel, assumpsit, and quantum meruit/unjust enrichment claims because all of these claims rely on the notion of an implied contract; it is black-letter law that a Court will not imply a contract where there is an express contract covering the same subject, *see, e.g.*, *York v. Scudder Investments, Inc.*, 849 N.E.2d 892 (Mass. App. Ct. 2006); and there is no way for the Court to determine whether there is an express contract governing the matters described in plaintiffs' common law and quasi-contract claims without interpreting the collective bargaining agreements.

11. The underlying issues raised by the plaintiffs' claims are thus inseparable from an interpretation of the CBA. As a result, this Court has federal question jurisdiction of this case under 28 U.S.C. § 1331.

12. Therefore, this case is properly removable to this Court under 28 U.S.C. § 1441.

13. BMC Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by the plaintiffs.

14. Pursuant to 28 U.S.C. § 1446(d), BMC Defendants will promptly file a copy of this notice of removal with the Clerk of the Superior Court for Middlesex County, Commonwealth of Massachusetts, and will also serve a copy upon counsel of record.

WHEREFORE, BMC Defendants remove the action now pending against them in the Superior Court for Middlesex County of the Commonwealth of Massachusetts, Civil Action No. 09-3541, to this Court.

Respectfully submitted,

**BOSTON MEDICAL CENTER CORPORATION, ELAINE ULLIAN, and JAMES CANAVAN**

By their attorneys,

/s/ C.J. Eaton
Richard L. Alfred (BBO #015000)
Kristin G. McGurn (BBO #559687)
C.J. Eaton (BBO #660726)
John E. Duke (BBO #658755)
Jessica M. Schauer (BBO #669677)
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4800

Dated: October 16, 2009

**CERTIFICATE OF SERVICE**

      I, C. J. Eaton, certify that on October 16, 2009, I served the foregoing Notice of Filing Notice of Removal on plaintiffs by causing a copy of the same to be delivered by first class mail, to their counsel of record:

Jody L. Newman, Esq.
Ariatna Villegas-Vazquez, Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA 02210-2211

Patrick J. Solomon, Esq.
Michael J. Lingle, Esq.
Thomas & Solomon LLP
693 East Avenue
Rochester, NY 14607

                                        /s/ C.J. Eaton
                                        C.J. Eaton