UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11724-RWZ

ELIZABETH MANNING, *et al.*

v.

BOSTON MEDICAL CENTER CORPORATION, *et al.*

ORDER

March 10, 2011

ZOBEL, D.J.

     Named plaintiffs Elizabeth Manning, Lisa Rivers, and Rhonda Williams filed this class action in Massachusetts Superior Court against numerous corporate entities associated with Boston Medical Center, a hospital located in Boston, and two individuals. Boston Medical Center Corporation, Boston Medical Center 403B Retirement Plan, the president and CEO of Boston Medical Center Elaine Ullian, and the senior human resources director James Canavan, are named in the caption.[1] Some 16 other entities are identified as "defendants" in the body of the complaint. (Compl. ¶¶ 6-7, Docket # 7 Ex. 2 at 3.)

     The complaint alleges, in the most general terms, that plaintiffs worked for at least one of the defendants in some unspecified capacity at some unspecified time. They were not, it states, compensated for work performed during their 30-minute lunch breaks and both before and after their shifts, nor for mandatory training. No dates are

---

     [1]Boston Regional Medical Center, LLC and Boston Regional Medical Center, Inc., were terminated from this action. (Docket Entry Aug. 10, 2010.)

given and no specific training is identified. There are eleven counts: (1) violation of the Massachusetts Wage Payment Act, Mass. Gen. Laws ch. 149, § 148; (2) violation of the Massachusetts Wage Act, Mass. Gen. Laws ch. 151, § 1A; (3) and (4) breach of contract; (5) breach of implied contract; (6) money had and received; (7) quantum meruit; (8) fraud; (9) negligent misrepresentation; (10) equitable estoppel; (11) promissory estoppel; (12) conversion; and (13) failure to keep accurate records.

Defendants removed the action on the basis of federal question jurisdiction because, they assert, the state law claims are completely pre-empted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). Now pending is their motion to dismiss and plaintiffs' motion to remand.[2]

## I.  Motion to Remand (Docket # 11)

In the usual case, the existence of federal question jurisdiction is determined by application of the "well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal quotation marks omitted). An independent corollary of this rule is the "complete pre-

---

[2]The complaint in this lawsuit has appeared, in all but identical form, in at least eight lawsuits filed by plaintiffs' counsel in the Commonwealth against various healthcare providers. I granted a motion to dismiss a related case against the same defendants with identical factual allegations but different federal claims. Manning v. Bos. Med. Ctr. Corp., No. 09-cv-11463 (Feb. 28, 2011). Judges O'Toole and Saylor of this district denied motions to remand and granted motions to dismiss lawsuits against different defendants but with substantially identical allegations and state law claims to the present suit. Cavallaro v. Umass Mem'l Health Care, Inc., No. 09-cv-40181 (Saylor, J., July 2, 2010 and Dec. 20, 2010); Pruell v. Caritas Christi, No. 09-cv-11722 (O'Toole, J., Sept. 27, 2010).

2

emption doctrine. On occasion, the [Supreme] Court has concluded that the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Id. at 393 (internal quotation marks omitted).

Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), exerts this extraordinary preemptive force. See Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557 (1968). The statute "governs claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." Caterpillar, 482 U.S. at 394 (internal quotation marks omitted). Its preemptive reach therefore extends beyond breach of contract claims to reach state law torts that present "questions relating to what the parties to a labor agreement agreed." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985).

Plaintiffs do not explicitly refer to a collective bargaining agreement ("CBA") in the complaint, but they do state that "[d]efendants entered into an express contract with Plaintiffs and Class Members that was explicitly intended to order and govern the employment relationship between defendants and Plaintiffs and Class Members." (Compl. ¶ 107; see ¶¶ 108-09, 116.) While the complaint fails to contain any identifying information about this contract, it is apparent from the briefing that it is a CBA. Defendants explain that the terms of employment for named plaintiffs are governed by one or more of five CBAs, which are attached to an affidavit filed in

3

support of the motion to dismiss (Ex. 1-5 to Aff. of C.J. Eaton, Docket # 15), and plaintiffs have not identified any alternative "express contract."

The CBAs contain numerous provisions addressing base pay rates, mandatory rest breaks, pay on holidays, on-call hours, and both daily and weekly overtime pay, among other relevant topics. (See Defs.' Mem. in Supp. 20-21 & nn.29-43 (citing CBA terms).)[3] There is no single, uniform definition of work or wage rate; the wage due, if any, depends upon how the employee's responsibility is characterized and may vary throughout the workday.

The two breach of contract counts are expressly founded on rights created by the contract. The remaining claims, which are pled in terms of misrepresentation, quasi-contract, or accounting causes of action, similarly assert a failure to pay wages due for work performed -- insofar as the court can discern a legal theory from the nebulous allegations in the complaint -- and will thus require both interpretation of the CBA provisions categorizing hours and the associated wage and a determination of how those CBA terms integrate with other statements by the defendants. (See CBA integration clauses, Ex. 1 at Art. XXXVII; Ex. 2 at Art. 38; Ex. 3 at Art. 30; Ex. 4 at Art. 27; Ex. 5 Art. XXX, Docket # 15.) Accordingly, the claims are completely preempted and fall within this court's jurisdiction.[4] Compare Adames v. Exec. Airlines, 258 F.3d 7

---

[3]The citations to Ex. 4, the CBA between Boston Medical Center and 1199SEIU United Healthcare Workers East, Skilled Maintenance, are not accurate, but the terms cited do appear elsewhere in that CBA.

[4]Plaintiffs argue that the statutory claims create rights that exist independently of the CBAs. Assuming, arguendo, that this is correct, those claims nonetheless fall within the court's supplemental jurisdiction. 28 U.S.C. § 1367.

(1st Cir. 2001) (applying the § 301 complete preemption standard and finding Puerto Rico statutory claims for overtime, meal period, vacation, and other pay completely preempted under the Railway Labor Act because the calculation of wages would require interpretation of numerous, inter-related CBA provisions), with Livadas v. Bradshaw, 512 U.S. 107, 125 (1994) (finding no § 301 complete preemption of state statutory claims where there was "the simple need to refer to bargained-for wage rates in computing the penalty").

## II.     Motion to Dismiss (Docket # 9)

For the reasons set forth in the related case Manning v. Boston Medical Center Corp., 09-cv-11463 (Feb. 28, 2011), the vague, conclusory allegations in the complaint do not meet the requirements of Fed. R. Civ. P. 8.  In addition, to the extent claims in this suit are premised, in part, on communications other than the contents of the CBAs, none of those statements are identified in the complaint.  The complaint fails to state any claim.

Plaintiffs are also exempt from the coverage of the Massachusetts statutes invoked in Counts 1 and 2 which, respectively, exclude "an employee of an incorporated hospital . . . which is conducted as a public charity," Mass. Gen. Laws ch. 149, § 148, and "any employee who is employed . . . in a hospital," Mass. Gen. Laws ch. 151, § 1A.[5]

## III.    Conclusion

---

[5]The court takes judicial notice that Boston Medical Center is a 26 U.S.C. § 501(c)(3) tax exempt organization.

5

Plaintiffs' motion to remand (Docket # 11) is DENIED.  Defendants' motion to dismiss (Docket # 9) is ALLOWED WITHOUT PREJUDICE as to the recharacterized § 301 count and WITH PREJUDICE as to all other counts.  Defendants' motion for leave to file a notice of supplemental authority (Docket # 36) is ALLOWED.  Plaintiffs' motion for leave to file a response (Docket # 37) is ALLOWED.


|     March 10, 2011     |     /s/Rya W. Zobel     |
|---|---|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |